EMMONS
*vs.*
OVERTON.

•

## Emmons *vs.* Overton.

### APPEAL FROM FLEMING CIRCUIT.

Case 26.

ORD. PET

18bm643
110 826

18bm 643
127 426

18bm643
132 469

1. Parol evidence is admissable to show who is principal and who was surety in a note which is joint and several on its face.   (5 *B. Monroe*, 564.)

2. A payment by a surety of part of a debt, after he is discharged by the operation of the statute of limitation, does not have the effect of reviving his liability for the remainder of the debt—he may rely on limitation to avoid the payment of the balance.

3. A promise by a debtor, either express or implied, to pay his debt after it is barred by the statute of limitations, will revive his liability because based on good consideration—a moral obligation to pay; not so with a surety whose obligation is only legal; and no promise made in ignorance of his legal discharge is binding.

[The facts of the case are set out in the opinion of the court.—REP ]

*James Harlan,* for appellant—

1. The appellant relies, for his discharge from liability, on the note sued on upon the statute of limitations of 1838, (3 *Stat. Law,* 559,) which provides that sureties "shall be discharged from liability on all ' written obligations, when seven years shall have ' elapsed without suit, after the cause of action ac-

' crued on such written obligation." The note sued on is joint and several, purporting to be the note of Garret Freeman and the appellant, and fell due on the 10th of August, 1842. This suit was not brought until the 9th August 1855.

If the appellant was in fact the surety of Garret Freeman the facts stated show that he is not liable.

The appellee insists that it is not competent for the appellant to show, by parol proof, that the appellant was the surety of Freeman, and that if appellant was in fact the surety of Freeman that having made two payments on the note, one of $136 11, on the 3d day of November, 1849, and another of $5 on the 8th November, 1849, he has waived any right of discharge, and is responsible.

The first ground is wholly untenable; the parol evidence to show that appellant was but the surety of Freeman does not contradict anything appearing upon the face of the note, but only shows who received the consideration, and who should be regarded as principal and who as surety. It is every day's practice to receive such proof, when a proper issue is made, and no case can be found which will sustain such a position. It was not objected to in the. circuit court.

2. As to the second point. Assuming that the appellant did make payments upon the note in November, 1849, more than seven years after the note fell due, and the right to sue on was complete, does that deprive him of the right to rely on the statute of limitations in the defense of this suit? It is supposed that it does not. It was a promise, if any was made, in express terms, without consideration, and created no liability. (*Parsons on Contracts*, 353.) The surety was legally discharged, and there existed no moral obligation on the surety to pay the debt, and the law raised no obligation by implication on the payment of part of the debt of another from which the surety was legally discharged; and if the payment was

made by Emmons in ignorance of his discharge by the operation of the statute of limitations, he is not bound. (*See Ralston & Sebastion vs. Bullett,* 3 *Bibb,* 361; *Blissard vs. Hurst,* 5 *Burrow,* 2670; *Kydd,* 119; *Thornton & Ray vs. Bank of Kentucky,* 3 *B. Monroe,* 510; *May vs. Coffin,* 4 *Mass. Rep.* 347; *Warder vs. Tucker,* 7 *Ib.* 449; *Freeman vs. Boynton,* 7 *Ib.* 483; *Lawrence vs. Ralston,* 3 *Bibb,* 102; *Garland vs. Salem Bank,* 9 *Ib.* 408.) See also the case of *Underwood vs. Buckman,* 4 *Dana,* 309, in which this court said that an undertaking to do an act under a mistaken opinion of the law applicable to it, should be released by the chancellor.

*Thos. A. Marshall,* on the same side—

1. This court has decided that parol proof is competent to show that one of several joint and several obligors in a note was surety for another who received the consideration, (*Lewis vs. Harbin,* 5 *B. Monroe,* 564,) and the argument of appellees counsel on this point fail.

2. The act of 1838 does not make the lapse of seven years, after the right of action accrues, a bar to an action against a surety merely on the ground of a presumed payment of the debt by the principal, but because, after a cause of action has subsisted for that length of time, it was deemed inexpedient and unjust to involve the surety in the affairs of his principal, or to require him to investigate them, unless the surety should in the mean time have prevented the bringing of an action, or in some way precluded himself from claiming the benefit of the statute. Certainly no acknowledgment by the surety that the debt remained unpaid can create any obligation on him to pay it. The statute uses the strong language that "the surety shall be discharged from 'liability when seven years shall have elapsed, with-'out suit after the cause of action accrued." And the acknowledgment by a surety that the debt has not been paid, does not make a case under the pro-

viso in the 6th section, which denies the benefit of the act to a defendant who has, by any indirect means, prevented the bringing of the action.

The note sued on in this case, in which the appellant was surety, was due 10th August, 1842. In November, 1849, more than seven years after the cause of action accrued, a credit of $136 11 was placed on the note, and a few days after a credit of $5. The last credit was entered by Gamaliel Freeman, who then claimed to own the note, and as he says was paid by Garret Freeman, the principal debtor, some time before his death. The larger credit was given, as the same person says, on account of two notes which Garret Freeman held on Gamaliel, and which, after his death, were found assigned to the defendant Emmons, who was named as executor in the decedent's will, and was appointed his administrator; and in 1849, by the consent of Emmons, the amount of these notes, which though found with an assignment to him belonged, no doubt, to the decedent, and credited on the note now in suit making the credit of $136 11. Before this credit was agreed on the seven years had fully elapsed, and Emmons was discharged by lapse of time and the operation of the statute. He was the administrator of the principal. There is no evidence or suggestion of any consideration for the assignment of these small notes to him. The presumption is that they belonged in good faith to the estate of the decedent, the real debtor, and were properly applicable to the payment of his note in the hands of the obligor on the two assigned notes; of course that application of them implies no concession of liability on his part; and even if he had made a partial payment with his own funds, it would not have created nor proved a liability to pay the residue— which he did not pay—unless it could be assumed that he knew the effect of the statute, and should be presumed to have made the partial payment knowing that he would preclude himself from the benefit

of the statute of limitations. This would be a gratuitous assumption not authorized against a surety on such evidence as is found in this case.

There are other facts in the case showing a very great probability that the debt had been paid by the principal in his lifetime.

*H. M. Bruce*, for appellee—

1. The plea of the statute of limitations cannot avail the appellant for several reasons: 1st. Because of his acknowledgment to Gamaliel Freeman. 2d. Because of his acknowledgment to Vanzandt. 3d. Because of his acquiescence in the justice of the claim by allowing it to be reported against the estate of which he was the administrator. It is unnecessary to cite authority to show that the acknowledgment of a debt frees it from the operation of the statute of limitations. (2 *Greenleaf's Ev.* 444.)

2. It is not competent for the appellant to prove, by parol contrary to the legal effect of the writing sued on, that he is only a surety in the note—it is a joint and several note, the legal effect of which is to bind Freeman and Emmons equally, and Emmons cannot prove anything else in opposition to the legal construction of the note.

Judge SIMPSON delivered the opinion of the court.　　　Jan. 5, 1858.

The appellant insists that he is discharged from all liability on the note upon which this action was brought, on the ground that he executed it merely as surety, and that seven years had elapsed without suit thereon, after the cause of action accrued, before this action was commenced.

The note is a joint one, on the appellant and Garret Freeman. It contains no recital that one of the obligors was principal and the other was surety. It became due on the 10th day of August, 1842. It is credited by $136 11, on the 3d of November, 1849, which, as the proof shows, was paid by the appellant; and this action was commenced in March, 1855.

It is ·contended, on the part of the appellee, that the appellant cannot avail himself of the defense relied upon by him for two reasons:

1. That he is estopped, by the writing itself, from proving by parol testimony that he is a surety merely, and not a principal obligor in the note.

2. That the case is taken out of the operation of the statute of limitations by the partial payment made by the appellant on the debt sued for.

The argument in favor of the first proposition is, that by the terms of the writing itself both the obligors are principals, and according to a well settled rule of evidence parol testimony is inadmissable to contradict or explain or enlarge a written contract, consequently the appellant cannot show that he is a mere surety, as ` the establishment of that fact would be inconsistent with the legal effect of the writing executed by him.

This argument is however founded on a misconception of the legal effect of the writing upon which the action was brought. It does not state the character or relative position of the obligors, nor does the law, in the absence of such statement, conclusively fix the character they occupy. No statement or recital in ·the writing is contradicted by showing that one of the obligors is surety and the other is principal. In the absence of all testimony on the subj'ect the law regards them as equally liable, inasmuch as the writing itself does not furnish any grounds for discrimination. But if this legal construction of the writing should be permitted to have the effect contended for, the statute in favor of sureties would become, in a great measure, a dead letter, except in those cases where the note stated on its face who was principal and who was surety. This question however was expressly decided in the case of *Lewis vs. Harlin*, 5 B. *Monroe*, 564, in which it was held that a note like the present one did not create an estoppel, but that the fact of suretyship

1. Parol evidence is· admissable to show who is principal and who was surety in a note which is joint and several on its face. (5 B. *Mon.* 564.)

might be proved by parol testimony, which decision has been ever since followed.

The effect of the partial payment made by the surety is the next question to be considered. To determine what effect should be given to it, it will be proper to inquire into the nature and extent of the liability of a surety. It is purely a legal obligation, created by the execution of the writing, and not originating out of the consideration upon which the liability of the principal debtor is founded. There is therefore a manifest distinction between the debtor and his surety. The former is under a moral as well as a legal obligation to pay the debt; the latter is under a legal obligation merely. The former may be liable on account of the original consideration; the liability of the latter does not go behind, and is not antecedent to the execution of the writing by which it is created.

Upon what principle, then, is it, that a partial payment of the debt by a surety is to be regarded as sufficient to deprive him of the benefit of the statute. If the payment be made before the expiration of the seven years, it is certainly not entitled to any effect, because, in that case, he would be liable for the debt at the time of the payment, and the recognition of such liability could not prevent him from subsequently relying upon the statute, when the limitation had expired. If the payment be made, as it was in this case, after the seven years had elapsed, and the surety was thereby discharged, it could not revive his liability, nor take the case out of the operation of the statute. Even if it could be regarded as an acknowledgment of a subsisting liability, it would only prove that the surety was ignorant that he had been discharged by the lapse of time, and if it could be regarded as an implied promise to pay the debt it would be without consideration, and therefore not obligatory.

2. Payment by a surety of part of a debt, after he is discharged by the operation of the statute of limitation, does not have the effect of reviving his liability for the remainder of the debt—he may rely on limitation to avoid the payment of the balance.

Where a cause of action arising upon a parol contract has been barred by the statute of limita-

3. A promise by a debtor,

either express or implied, to pay his debt after it is barred by the statute of limitation, will revive his liability because based on good consideration—a moral obligation to pay; not so with a surety whose obligation is only legal; and no promise made in ignorance of his legal discharge is binding, though in writing.

tions, the debtor can revive his liability, and take it out of the statute, by a promise either express or implied to pay the sum which he owes. Such a promise is obligatory, because it is supported by a sufficient consideration, he being under a moral obligation to pay the debt, although, in consequence of the statutory bar, no action could be maintained upon it. But a surety is under no such moral obligation, and when he is discharged from his legal liability a promise to pay the debt, even if the promise were in writing, would not be legally binding, unless it was made upon a sufficient consideration.

Neither of the reasons relied upon is sufficient, therefore, to deprive the appellant of the benefit of the statute of limitations.

Wherefore, the judgment is reversed, and cause remanded that a judgment may be rendered in favor of the appellant, so far as the appellee seeks to hold him individually liable for the debt sued for.